UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

DALIA GENGER,

                Plaintiff,

        v.                                  Index No. 1:17cv8181

SAGI GENGER,                                          **ANSWER, AFFIRMATIVE**

                Defendant/Third-Party Plaintiff,    **DEFENSE AND THIRD-**
        v.                                  **PARTY COMPLAINT**

ORLY GENGER,

                Third-Party Defendant.

-------------------------------------------------------------------------

## ANSWER

Defendant/Third-Party Plaintiff Sagi Genger ("Sagi"), by and through his attorneys, as and for his Answer to the Complaint of plaintiff Dalia Genger ("Dalia"), responds as follows:

1.     Admits.

2.     Admits.

3.     Paragraph 3 states legal conclusions to which no answer is necessary.

4.     Paragraph 4 states legal conclusions to which no answer is necessary.

5.     Paragraph 5 states legal conclusions to which no answer is necessary.

6.     Admits.

7.     Admits.

8.     Sagi respectfully refers to the decisions of this Court and the United States Court of Appeals for the Second Circuit in the prior litigation between himself and third-party defendant Orly Genger ("Orly") for the true and correct contents thereof.

9.     Admits.

10. Sagi avers that, in response to Dalia's October 21, 2017 written demand, he pointed out to Dalia, in substance, that the payment obligation was a joint obligation of his with Orly, who has recently indicated she will not honor that obligation, and thus it would be inequitable for Sagi to once again make a payment to Dalia without Orly's immediate reimbursement.

11. Sagi repeats and realleges each and every one of the preceding responses as though fully set forth herein.

12. Admits.

13. Denies, based on the affirmative defense set forth below.

14. Denies, based on the affirmative defense set forth below.

15. Denies, based on the affirmative defense set forth below.

16. The claim speaks for itself.

## **AFFIRMATIVE DEFENSE**

17. In the prior litigation, this Court held, *inter alia*, that (a) the October 30, 2004 letter agreement between Sagi and Dalia, by which Sagi promised to make payments to Dalia, and (b) the November 10, 2004 letter agreement between Sagi and Orly, by which Orly indemnified Sagi for 50% of those payments (and related fees, costs and expenses) "form an integrated agreement." On October 20, 2016, the United States Court of Appeals for the Second Circuit unanimously affirmed that decision. Notwithstanding that affirmance, almost a year later, on September 8, 2007, Orly made the following assertion about this Court's decision in another court:

> "Dalia again acted against Orly's interests by assisting Sagi in suing Orly in federal court in 2014. In that action, Dalia falsely claimed to be impoverished. Based on that false claim, Sagi sued Orly, invoking a writing that he created. He claimed that document obligated Orly to reimburse half of his need-based payments to Dalia, payments he and Dalia swore were made supposedly because she needed the money to live. That lawsuit ended in a judgment against Orly totaling over $300,000."

18. Sagi denies Orly's allegations against him. Further, Sagi disagrees with Orly's legal assertion that Dalia must first be impoverished before she may assert a payment demand under the October 30, 2004 letter agreement.

19. Nevertheless, Orly has previously claimed that, as an indemnitor, she has the right to defend any payment demand from Dalia to Sagi. The foregoing assertion is, in Sagi's view, notice by Orly of a potential defense (however specious) to payment.

20. Given Orly's position, and the prior determination of this Court that the indemnity is part of an "integrated agreement," Sagi should not have to make payment to Dalia until the Court adjudicates the defense which Orly, as the indemnitor, proposes to assert on behalf of Sagi, as the indemnitee, to the payment demand made by Dalia.

## THIRD-PARTY COMPLAINT

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Sagi, by and through his attorneys, as and for his Third-Party Complaint against Orly, alleges as follows:

1. Sagi is a citizen of the State of Florida.

2. Upon information and belief, Orly, following her 2016 marriage to Eric Herschmann, has become a citizen of the State of Texas with an additional residence in the State of New Jersey.

3. The Court has subject matter jurisdiction over this third-party action pursuant to: (a) 28 U.S.C. § 2201 because this action seeks relief under the Federal Declaratory Judgment Act; (b) 28 U.S.C. § 1332 because this action is between citizens of different States; and (c) 28 U.S.C. § 1367(a) because the claims in this action are part of the same case or controversy as the claim asserted by Dalia against Sagi in the first-party action.

4. This Court has personal jurisdiction over Orly pursuant to New York's long-arm

jurisdiction statutes, CPLR 301 and 302.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts and transactions at issue herein occurred in this District.

6.      In October 2004, Dalia and her then-husband Arie Genger ("Arie") finalized a stipulation formalizing the terms of their divorce. In connection with the final negotiations, Dalia agreed to convey her marital rights to 794.40 shares of Trans-Resources, Inc. ("TRI"), and beneficial interests in those shares, to two trusts for the benefit of Sagi and Orly, respectively. In consideration thereof and other valuable consideration, most particularly their strong desire to bring an end to their parents' bitter divorce case, Sagi and Orly verbally agreed to equally support Dalia if she requested such support, up to the amount of any economic benefit they and/or their trusts received collectively from beneficial interests in the 794.40 TRI shares.

7.      That agreement was thereafter reduced to writing in two related documents:

(a)     pursuant to an October 30, 2004 letter agreement, Sagi agreed to pay Dalia an amount equal to all dividends, distributions, proceeds or other payments attributable to the shares of TRI that were received by Sagi and Orly (or any trust for the benefit of either of them), or any lesser amount demanded by Dalia, conditioned upon Orly executing a written document agreeing to reimburse him for 50% of his support payments to Dalia; and

(b)     pursuant to a November 10, 2004 letter agreement, Orly agreed to "indemnify, defend, and hold [Sagi] harmless, for and against one-half (1/2) of any and all payments, liabilities, damages, claims, actions, losses, settlements, penalties, judgments or obligations …, including [Sagi's] reasonable counsel and other professional fees, expenses and costs, which arise from [Sagi's] undertakings in the [October 30, 2004 letter agreement]."

8.      After the execution of the two above-referenced letter agreements, the executed

4

divorce stipulation was submitted to the Court for approval. In January 2005, the Court granted Arie and Dalia a divorce decree formally dissolving their marriage.

9. On or about October 21, 2017, Dalia made a written demand to Sagi for $6,000,000 under the October 30, 2004 letter agreement.

10. Based on this Court's prior determination, Dalia's current demand is below the amount which she is entitled to demand under the agreement.

11. Sagi has nevertheless declined to make payment to Dalia at this time, in light of Orly's assertion that Dalia is not entitled to make a demand thereunder.

12. Sagi has incurred reasonable counsel and other professional fees, expenses and costs in connection with this action and continues to do so.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

13. Sagi repeats and realleges each and every one of the allegations contained in paragraphs 1-12 of this Third-Party Complaint as though fully set forth herein.

14. Sagi, Orly, and Dalia entered into an integrated agreement through the October 30, 2004 and November 10, 2004 letter agreements.

15. Pursuant to that agreement, Dalia made a valid written demand for $6,000,000.

16. Pursuant to that agreement, Orly is obligated to indemnity Sagi for 50% of that demand, or $3,000,000.

17. On September 8, 2007, Orly anticipatorily breached and repudiated her obligations under that agreement by asserting that Dalia is not entitled to make a payment (and consequently that she is not obligated to indemnify Sagi for 50% thereof) unless Dalia becomes so impoverished that she has no other source of financial support.

18. Orly's breach is material.

19. Sagi has been harmed thereby in the amount of $3,000,000 plus 50% of his reasonable counsel and other professional fees, expenses and costs in connection with this action.

## SECOND CAUSE OF ACTION
## (PROMISSORY ESTOPPEL)

20. Sagi repeats and realleges each and every one of the allegations contained in paragraphs 1-19 of this Third-Party Complaint as though fully set forth herein.

21. Prior to Sagi's execution of the October 30, 2004 letter agreement, Orly agreed that she would indemnify Sagi for 50% of his payment obligations to Dalia under the October 30, 2014 letter agreement, up to a certain cap which has not been reached, which agreement was later reduced to writing in the November 10, 2014 letter agreement.

22. In executing the October 30, 2004 letter agreement, Sagi reasonable and foreseeably relied on Orly's promise to indemnify him for 50% thereof.

23. Orly is estopped from denying the foregoing promise to Sagi, which is reflected in the November 10, 2004 letter agreement.

24. By reason of the foregoing, Sagi has sustained an injury in reasonable and foreseeable reliance of Orly's promise and is entitled to recover from her in the amount of $3,000,000 plus 50% of reasonable counsel and other professional fees, expenses and costs in connection with this action.

## THIRD CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

25. Because of Orly's repeated refusals to abide by the prior decisions of this Court and the United States Court of Appeals for the Second Circuit with respect to her indemnity obligation under the parties' agreement, there is a concrete and immediate controversy between Sagi and Orly as the scope and extent of that indemnity obligation.

26. Based on the prior ruling of this Court that the parties and/or their respective trusts monetized their beneficial interests in TRI for a total of $69.3 million, and given that Dalia's marital rights to 794.4 shares of TRI constituted approximately 36% of the 2,205.6 TRI shares that were monetized, Dalia has the right to demand from Sagi (less $200,000 previously demanded and collected by Dalia thereunder) a total of $24,760,065, and Sagi has a legally protectable right to be indemnified by Orly for 50% of Dalia's payment demands, plus 50% of his reasonable counsel and other professional fees, expenses and costs related thereto.

27. Given Dalia's latest demand, the controversy between Sagi and Orly is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28. Accordingly, Sagi is entitled to a declaratory judgment that Orly must indemnity him for 50% of any payment demands by Dalia up to $24,760,065, plus 50% of his reasonable counsel and other professional fees, expenses and costs related thereto.

## PRAYER FOR RELIEF

WHEREFORE, Sagi respectfully requests a monetary judgment in the amount of his damages as set forth above, a declaratory judgment as set forth above, and such other and further relief as this Court may deem just and proper.

Dated: October 24, 2017
New York, New York

KELLEY DRYE & WARREN LLP

*/s/ John Dellaportas*

_____
John Dellaportas
101 Park Avenue
New York, New York 10178
(212) 808-7800
*Attorneys for Defendant/Third-Party Plaintiff Sagi Genger*